IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL SHANE STEINER**                                                                 **PETITIONER**

**V.**                                    **CIVIL ACTION NO. 1:25-CV-00021-HSO-BWR**

**SHERIFF JOHN LEDBETTER**                                                            **RESPONDENT**

**REPORT AND RECOMMENDATION**

BEFORE THE COURT is Respondent, Sheriff John Ledbetter's, Motion to Dismiss [14] *pro se* Petitioner, Michael Shane Steiner's, 28 U.S.C. § 2241 Petition for Habeas Corpus. Respondent argues the petition should be dismissed with prejudice because Steiner's requests fail to state a cognizable claim for habeas corpus relief, or alternatively, dismissed without prejudice because Steiner's claims are unexhausted, Steiner's conditions of confinement claims should be dismissed without prejudice as improper federal habeas claims, and Steiner denied a certificate of appealability. Also before the Court are Steiner's motions for Contempt [17], Release from Pretrial Detention [19], and Emergency Motion to Protect Evidence [23].

Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends Respondent's Motion to Dismiss [14] should be granted and the Petition [1] dismissed with prejudice because Steiner's requests fail to state a cognizable claim for federal habeas relief, or alternatively, dismissed without prejudice because Steiner's claims are unexhausted, Steiner's non-habeas claims dismissed without prejudice, Steiner's Motion for Contempt [17] denied, Motion for

Release from Pretrial Detention [19] denied, Emergency Motion to Protect Evidence [23] denied, and Steiner denied a certificate of appealability.

## I.  BACKGROUND

A. <u>State proceedings</u>

Steiner is a pretrial detainee in the custody of the Jackson County Adult Detention Center (JCADC) held on false pretense, sexual battery, and child pornography charges. Mot. Dismiss [14-1] at 1-3.

On April 9, 2024, Steiner was indicted for false pretenses then subsequently arrested. State Court R. [13-1] at 4-5; Mot. Dismiss [14-1] at 1-2. Steiner was released on bond on May 21, 2024, but rebooked in the JCADC on May 31, 2024 after his bond was revoked. Mot. Dismiss [14-1] at 1-2; Mot. Dismiss [14-3] at 1-2. Steiner waived arraignment and plead not guilty to the false pretense charge. State Court R. [13-1] at 22. Steiner's trial was set but continued several times. *Id.* at 30, 47, 49, 53-54.

In September 2024, Steiner filed a letter motion in the Mississippi Supreme Court explaining the circumstances of his case, requesting the court's assistance, and different counsel. *Id.* at 37-42. The Mississippi Supreme Court dismissed the motion on September 15, 2024, finding that "any such relief ought to be pursued in the trial court." *Id.* at 36.

On February 13, 2025, Steiner was indicted on three counts of sexual battery by a person in a position of trust and three counts of child exploitation. State Court R. [13-2] at 4-6. On April 22, 2025, Steiner waived arraignment and plead not guilty. *Id.* at 12. The same day, the circuit court continued his status date to August 25,

2025, because the court was "advised that plea negotiations and discovery are ongoing." *Id.* at 22. Steiner's trial for sexual battery by a person in a position of trust, child exploitation, and false pretenses was set for October 27, 2025. *Id.* at 13.

On August 20, 2025, the circuit court appointed Steiner new counsel in both of his criminal cases. Notice [22-1] at 1-2. Discovery was exchanged and Petitioner filed a demand for speedy trial. Notice [22-2] at 1-14; Notice [22-3] at 1. Steiner's counsel filed a motion for mental health evaluation on September 9, 2025. Notice [22-4] at 1-8. On October 6, 2025, the circuit court continued Steiner's status hearing to December 11, 2025, because the circuit court ordered Steiner to be evaluated for competency. Notice [22-5] at 1-3; Notice [22-7] at 1. Steiner has made no filings in the Jackson County Circuit Court challenging his pretrial detention. Mot. Dismiss [14] at 4; Notice [22] at 2.

### B. Federal habeas proceedings

On January 16, 2025, Steiner signed a § 2241 federal habeas petition challenging his pretrial detention. Pet. [1] at 2, 8. Steiner alleges that he has been in custody for nine months without an indictment. *Id.* at 2. He claims he "bond[ed] out on excessive bail and was rearrested saying flight risk and talked to [supposed] victim." *Id.* He alleges his counsel is ineffective because "no [counsel] will respond" and that he is being held "in a manner that constitutes cruel and unusual punishment." *Id.* at 2, 7.

Steiner also makes a sixth amendment violation claim in a letter attached to his petition. Pet. [1-3] at 1, 4. Steiner argues he "[has] the right to have compulsory

3

process for obtaining witnesses . . . assistance to counsel for [] defense," and "a speedy trial by an impartial jury." *Id.* at 1. In a secondary letter, Steiner raises additional constitutional violation claims. *Id.* at 4-6. Steiner alleges that "[i]f they drop all charges [he] will leave the state forever" and his "case should be dismissed at minimum." *Id.* at 2, 5.

Additionally, Steiner requested to "add . . . arguments to [his] case" which the Court will construe as supplements to the petition. Suppl. [4]; Suppl. [6]; Suppl. [7]. Steiner makes additional claims of witness tampering, evidence tampering, prosecutorial misconduct, raises several constitutional amendment violations, and requests to be heard in federal court. Suppl. [6] at 1; Suppl. [7]; Letter [11]. Steiner also alleges various conditions of confinement and lack of medical care claims. Pet. [1] at 4; Pet [1-2] at 1-3; Pet [1-3]; Suppl. [4] at 4; Suppl. [6]; Suppl. [7]; Letter [11]; Mot. [19].

Steiner requests "to be released on bond[,] . . . a no true bill issued[,] and all charges dropped." Pet [1] at 7. He also requests a jury hearing to reinstate bond, and to be heard in this court. Pet. [1-3] at 5; Suppl. [6] at 5.

On May 28, 2025, Respondent filed a Motion to Dismiss [14]. Steiner responded that the motion to dismiss is late, filed without transcripts, and lacks an explanation of the crimes Steiner is charged with. Response [15] at 1. Steiner argues "that it is rude and insulting to tell the Federal Court they have no jurisdiction and to . . . get out of [Mississippi] business." *Id.* Steiner claims that he neither waived arraignment nor agreed to continuances. *Id.* at 2. Steiner argues he has received incomplete

4

discovery on the false pretense charge and no discovery on the three counts of sexual battery by a person in a position of trust and three counts of child exploitation. *Id.* He claims he has exhausted all remedies and "shown irreparable injury and lack of any alternatives" because the "[circuit] court and other courts have completely ignored [him]." *Id.* Steiner again requests to be heard in Court and "released from illegal detention." *Id.*

Respondent replied the motion to dismiss was timely and properly filed. Reply [16] at 2. Respondent argues Steiner's claims regarding the inaccuracy of the procedural history are meritless. *Id.* at 3. Respondent maintains Steiner's claims remain unexhausted and that he shows no "irreparable injury, bad faith, or the lack of an available state court remedy that warrants federal intervention." *Id.* at 3-4. Respondent argues that if the Court construes Steiner's request to be heard in Court as an evidentiary hearing request, one is not necessary. *Id.* at 5-6.

On October 17, 2025, Steiner filed a letter motion [21] which the Court construes as an unauthorized surreply and will not consider in its analysis. *See* L.U. Civ. R. 7(b)(4); *see also Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) (Surreplies "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter.").

## II. DISCUSSION

### A. 28 U.S.C. § 2241

The petition should be dismissed with prejudice because Steiner's requested relief fails to state cognizable claims for federal habeas relief, or in the alternative,

5

dismissed without prejudice because Steiner has failed to exhaust available state court remedies.

"A pre-trial prisoner's challenge to his incarceration is properly bought pursuant to 28 U.S.C. § 2241." *Lewis v. Ledbetter*, No. 1:24-CV-60-HSO-BWR, 2024 WL 3205410, at *1 (S.D. Miss. June 27, 2024). An individual may seek habeas relief under 28 U.S.C. § 2241 if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The purpose of this writ is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973). To warrant federal habeas relief, a petitioner must be in custody and have exhausted all available state court remedies. *Braden v. 30th Jud. Cir. Ct. of Kentucky,* 410 U.S. 484, 488-89 (1973).

Petitioners may not derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. The United States Supreme Court distinguishes between a pretrial petitioner "seek[ing] to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). The Fifth Circuit has held this distinction is based on the type of relief a petitioner seeks. *Id.*

> If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to abort a state proceeding or to disrupt the orderly functioning of state judicial processes; if he is attempting to force the state to go to trial, then he is merely seeking to require the state to fulfill its obligation to provide him a speedy trial. While the latter is grounds for federal habeas relief, the former is not; an attempt to dismiss an

6

> indictment or otherwise prevent a prosecution . . . is normally not attainable through federal habeas corpus.

*Fields v. Hubbard*, No. 1:19-CV-820-LG-RHW, 2020 WL 4810988, at *3 (S.D. Miss. June 18, 2020), *R. & R. adopted,* No. 1:19-CV-820-HSO-RPM, 2020 WL 4809454 (S.D. Miss. Aug. 18, 2020) (first quoting *Brown*, 530 F.2d at 1283; and then citing *Greer v. St. Tammany Par. Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988) (internal quotations omitted)); *see Greer*, 693 F. Supp. at 508 ("[A] federal court may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him."). Additionally, "a claim that indictments should be dismissed because of an already accomplished violation of a speedy trial right amounts to an attempt to assert an 'affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.'" *Brown*, 530 F.2d at 1283 (citation omitted).

"[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (citation omitted). Special circumstances are present in federal habeas cases when:

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional provisions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) . . . other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate."

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Younger v. Harris*, 401 U.S. 37, 45, 53-54 (1971)).

7

Steiner's habeas petition challenges his pending charges in the Jackson County Circuit Court. Steiner is being held in custody as a pre-trial detainee with respect to these charges, therefore his petition is governed by 28 U.S.C. § 2241.

Although Steiner claims his speedy trial rights have been violated, he does not clearly attempt to force the state to go to trial. *See Coleman v. Young*, No. 5:23-CV-90-DCB-LGI, 2024 WL 3506729, at *2 (S.D. Miss. June 28, 2024), *R. & R. adopted,* No. 5:23-CV-90-DCB-LGI, 2024 WL 3504563 (S.D. Miss. July 22, 2024) ("Although Coleman has asserted his right to a speedy trial in state court, he has not clearly asserted that right here."). "[Steiner's] pleadings as a whole appear to seek dismissal of his state [] charge[s]" and release from illegal detention. *Fields*, 2020 WL 4810988, at *3; *see also Miller v. Prentiss Cnty.*, No. 1:25-CV-14-SA-DAS, 2025 WL 3473373, at *3-4 (N.D. Miss. Dec. 3, 2025). "[R]elief under § 2241 is not available where . . . the petitioner seeks only dismissal of state charges and release based upon a violation of the right to a speedy trial." *McNeil v. Mason*, No. 3:19-CV-13-DPJ-FKB, 2020 WL 898513, at *1 (S.D. Miss. Jan. 29, 2020), *R. & R. adopted*, No. 3:19-CV-13-DPJ-FKB, 2020 WL 888052 (S.D. Miss. Feb. 24, 2020).

Steiner's requests are an attempt to prevent prosecution on the charges, or to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown*, 530 F.2d at 1282-83. "Federal habeas relief is not available for such claims." *Fields*, 2020 WL 4810988, at *3. "[Additionally], to the extent that [Steiner] asks this Court to hold a bond reduction hearing or direct the state court do so, 'federal courts are not empowered to order the state courts to make remedies

8

available nor are they authorized to dictate the type of hearing which is to be conducted by the state courts.'" *Coleman*, 2024 WL 3506729, at *2 (quoting *Dixon v. Beto*, 472 F.2d 598, 599 (5th Cir. 1973)).

Steiner has not shown special circumstances entitle him to relief. *See also Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir. 1987) ("We know of no case authority that holds that the constitutional right to a speedy trial qualifies as a per se 'special circumstance' that obviates the exhaustion requirement."). "[A]ny threat to his federally protected rights can be eliminated during a trial on the merits, this Court cannot review his claims prior to his trial in state court." *Gilmore v. Berlin*, No. 2:21-CV-96-KS-MTP, 2022 WL 17408816, at *3 (S.D. Miss. Nov. 3, 2022), *R. & R. adopted,* No. 2:21-CV-96-KS-MTP, 2022 WL 17408646 (S.D. Miss. Dec. 2, 2022). "[T]here is no evidence of bad faith motivating the state proceedings[,] [Steiner] is not challenging a state statute[,] and he has not demonstrated that irreparable injury would occur absent federal intervention in the state-court proceedings." *Smith v. Jones,* No. 5:25-CV-14-DCB-ASH, 2025 WL 4059933, at *2 (S.D. Miss. Dec. 10, 2025); *House v. Sollie*, No. 3:23-CV-497-HTW-LGI, 2024 WL 5372261, at *3 (S.D. Miss. Sept. 30, 2024), *R. & R. adopted,* No. 3:23-CV-497-HTW-LGI, 2025 WL 350248 (S.D. Miss. Jan. 30, 2025) ("The petitioner bears the burden of demonstrating a special circumstance.") (citing *Gates*, 885 F.3d at 881). The undersigned also recommends denying Steiner's Motion for Release from Pretrial Detention [19] for these reasons.

To the extent the petition and supplements may be construed as an attempt to enforce the state's obligation to promptly bring Steiner to trial, he failed to exhaust

9

available state court remedies before filing his petition. "[A]lthough [28 U.S.C.] section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (collecting cases).

Before filing a petition under 28 U.S.C. § 2241, an inmate must exhaust available state court remedies. *Id.*; *see Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015). Exhausting state court remedies "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues . . . ." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Steiner filed a letter motion in the Mississippi Supreme Court, but the motion did not raise any of his federal habeas claims. Steiner claims "[he] has exhausted all [remedies]," however Steiner failed to present the grounds of his federal habeas petition to the Mississippi Supreme Court for consideration. Response [15] at 2; *Johnson v. Berlin*, No. 2:20-CV-107-KS-MTP, 2020 WL 9815508, at *1 (S.D. Miss. Oct. 28, 2020), *R. & R. adopted,* No. 2:20-CV-107-TBM-MTP, 2021 WL 2211444 (S.D. Miss. June 1, 2021) ("Petitioner does not assert that he has presented his claims to the Mississippi Supreme Court as is necessary before he presents those claims to a

10

federal court in a habeas petition."); *see also Marcum v. Sollie*, No. 3:23-CV-311-DPJ-ASH, 2024 WL 4133038, at *2 (S.D. Miss. Sept. 10, 2024) ("[A] federal court may intervene in state court bail matters only if the petitioner has exhausted state remedies.") (quotations and citations omitted).

Additionally, Steiner's Motion for Discovery and Motion for Speedy Trial filed in Jackson County Circuit Court have yet to be ruled on and his state court proceedings have been generally continued pending Steiner's competency evaluation. Notice [22-7]; Notice [22-10]. "There is no indication that [Steiner] has pursued his speedy trial request in the Mississippi appellate courts as is necessary before his *habeas corpus* petition may be considered." *Hillie v. Webster*, No. 4:17-CV-184-DMB-RP, 2019 WL 1304256, at *4 (N.D. Miss. Jan. 4, 2019), *R. & R. adopted*, No. 4:17-CV-184-DMB-RP, 2019 WL 1301969 (N.D. Miss. Mar. 21, 2019) (emphasis in original); *see also McNeil*, 2020 WL 898513, at *1. The online electronic docket of the Mississippi Supreme Court confirms Steiner has failed to present the claims he raises in his federal habeas petition in that court.

"The exhaustion requirement is excused only in those rare cases where exceptional circumstances of peculiar urgency mandate federal court interference." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Steiner claims "federal intervention is absolutely necessary for the protection of his constitutional rights and [his] health." Response [15] at 2. "[Steiner] has not shown any 'exceptional circumstance[ ] of peculiar urgency' that cannot be adequately addressed by the available state court system." *Bennett v. Ryan*, No. 2:20-CV-22-M, 2020 WL 1479856,

11

at *2 (N.D. Tex. Feb. 26, 2020), *R. & R. adopted*, No. 2:20-CV-22-M, 2020 WL 1470927 (N.D. Tex. Mar. 26, 2020). Steiner has failed to exhaust state court remedies. The petition may alternatively be dismissed without prejudice.

    B. <u>Excessive bail</u>

To the extent Steiner raises an excessive bail claim, he has failed to state a claim for relief and failed to exhaust. "[T]he determination of whether bail is excessive involves an assessment of whether the amount fixed is 'reasonably calculated' to assure the presence of the accused at trial." *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir. 1972) (collecting cases). "[Steiner] has not alleged any facts to support the allegation that his bail is excessive." *Hillie*, 2019 WL 1304256, at *3. "Such 'conclusory allegations do not raise a constitutional issue in a *habeas* proceeding.'" *Id.* (quoting *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)). Thus, this claim should be dismissed for failure to state a claim upon which relief can be granted or for failure to exhaust.

    C. <u>Steiner's request to be heard should be denied</u>

Steiner makes repeated requests to be heard in this Court which the Court will construe as a request for an evidentiary hearing. Resp. [15] at 2; Suppl. [6] at 5. An evidentiary hearing is not required "when the record is complete or the petitioner raised only legal claims that can be resolved without the taking of additional evidence." *Ellis v. Lynaugh,* 873 F.2d 830, 840 (5th Cir. 1989). The record alone is sufficient for the Court to decide this matter. Steiner's request for an evidentiary hearing should be denied.

D. <u>Steiner's non-habeas claims should be dismissed without prejudice</u>

Steiner's claims related to the conditions of his confinement during pretrial detention should be dismissed without prejudice. "Habeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States,* 525 F.2d 933, 935 (5th Cir. 1976). Steiner's allegations do not challenge the fact or duration of his confinement and none would entitle him to accelerated release. *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007). "Section 1983 is an appropriate legal vehicle to attack unconstitutional . . . conditions of confinement." *Cook v. Texas Dep't of Crim. Just. Transitional Plan. Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (citations omitted); *see Sanchez-Alaniz v. Pearson*, No. 5:09-CV-159-DCB-MTP, 2010 WL 419374, at *1 (S.D. Miss. Jan. 29, 2010); *see Antonio v. United States*, No. 5:18-CV-123-DCB-MTP, 2019 WL 13440940, at *1-2 (S.D. Miss. Apr. 2, 2019); *see Easley v. Young*, No. 5:23-CV-00053-DCB-BWR, 2024 WL 3629712, at*2 (S.D. Miss. May 20, 2024), *R. & R. adopted,* No. 5:23-CV-53-DCB-BWR, 2024 WL 3625221 (S.D. Miss. Aug. 1, 2024) (observing a medical care claim is a challenge to the conditions of pretrial detention).

"If a petition combines claims that should be asserted as habeas in nature with claims that properly may be pursued under § 1983, federal courts should separate these claims, if possible." *Russell v. Epps*, No. 5:12-CV-136-DCB-JMR, 2012 WL 5930270, at *2 (S.D. Miss. Nov. 27, 2012) (citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)). It is not necessary that the Court separate these claims. Steiner presently has a pending § 1983 action in this Court challenging the conditions of his confinement. *Steiner v. Jackson County, et al.*, No.

13

1:25-CV-87-LG-RPM (S.D. Miss. Mar. 26, 2025). Steiner's non-habeas claims should be dismissed without prejudice.

### E. Steiner's other motions should be denied

Steiner filed a Motion for Contempt [17] claiming Respondent should be found in contempt for failing to provide transcripts and untimely filing a responsive pleading. Mot. [17] at 1. On May 6, 2025, the Court entered an Order [9] requiring Respondent to respond within twenty days of service of the order and to file "complete transcripts and records of all proceedings in the state court." Order [9]. Respondent's responsive pleading was due May 28, 2025. *See* Acknowledgment of Service [10]. Respondent timely filed his Motion to Dismiss [14] on May 28, 2025, along with the state court record [13].

At the time the Motion to Dismiss was filed, Respondent indicated "there are currently no filed transcripts in his pending Jackson County criminal cases." Mot. Dismiss [14] at 2 n. 1. Thereafter, Respondent filed a Notice [22] to confirm the status of Steiner's state court proceedings and supplemented the state court record. Respondent complied with the Court's order [9] and stipulated that no transcripts have been filed in the state court proceedings. *Id.* Steiner's Motion for Contempt [17] should be denied.

Additionally, Steiner filed a letter Motion [19] raising conditions of confinement claims, alleging he has exhausted all remedies, and requesting to be released from pretrial detention and his state proceedings dismissed. Mot. [19]. As discussed previously, a federal habeas petition is not the appropriate vehicle to allege

14

conditions of confinement claims. Steiner has failed to exhaust his claims and his request for release from pre-trial detention seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown*, 530 F.2d at 1282-83. "Federal habeas relief is not available for such claims." *Fields*, 2020 WL 4810988, at *3.

Attached to the Motion [19] is an Affidavit that includes several inmates' purported claims. "A habeas court must [] confine the scope of its review to considering the legality of the custody at issue . . . . *it can act only on the body of the petitioner*." *Zalawadia v. Ashcroft*, 371 F.3d 292, 299 (5th Cir. 2004) (emphasis in original). Steiner cannot raise claims on behalf of other inmates. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") (collecting cases). Steiner's Motion for Release from Pretrial Detention [19] should be denied.

Steiner also filed an Emergency Motion to Protect Evidence [23] arguing "someone is deleting emails between the public defenders . . . and [himself]." Again, "[h]abeas is not available to review questions unrelated to the cause of detention." *Pierre,* 525 F.2d at 935. Steiner's Emergency Motion to Protect Evidence [23] should be denied.

### III. RECOMMENDATION

The Court has considered all arguments. Any not directly addressed would not have changed the outcome. The undersigned United States Magistrate Judge

recommends Respondent's Motion to Dismiss [14] should be granted and the Petition [1] dismissed with prejudice because Steiner's requested relief fails to state a cognizable claim for federal habeas relief, or alternatively, dismissed without prejudice because Steiner's claims are unexhausted, Steiner's non-habeas claims dismissed without prejudice, Steiner's Motion for Contempt [17] denied, Motion for Release from Pretrial Detention [19] denied, Emergency Motion to Protect Evidence [23] denied, and Steiner denied a certificate of appealability.

## IV. NOTICE OF RIGHT TO APPEAL OR OBJECT

Under Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. CIV. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 3rd day of February 2026.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE