IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL SHANE STEINER** § | | **PETITIONER** |
| § | | |
| § | | |
| **v.** § | | **Civil No. 1:25cv21-HSO-BWR** |
| § | | |
| § | | |
| **SHERIFF JOHN LEDBETTER** § | | **RESPONDENT** |

**ORDER ADOPTING REPORT AND RECOMMENDATION [26]; GRANTING RESPONDENT'S MOTION [14] TO DISMISS; DISMISSING PETITION [1] FOR WRIT OF HABEAS CORPUS; AND DENYING PETITIONER'S MOTIONS [17], [19], [23]**

On February 3, 2026, United States Magistrate Judge Bradley W. Rath entered a Report and Recommendation [26], recommending that Respondent's Motion [14] to Dismiss be granted; that Petitioner Michael Shane Steiner's 28 U.S.C. § 2241 Petition [1] for Writ of Habeas Corpus be dismissed with prejudice for failure to state a cognizable claim for federal habeas relief, or alternatively, without prejudice because his claims are unexhausted; that Petitioner's non-habeas claims be dismissed without prejudice; and that Petitioner's Motion [17] for Contempt, Motion [19] for Release from Pretrial Detention, and Emergency Motion [23] to Protect Evidence be denied. No party has objected to the Report and Recommendation [26], and the time for doing so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

After due consideration of the record and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [26] should be adopted, that Respondent's Motion [14] to Dismiss should be granted, that the

Petition [13] for Writ of Habeas Corpus should be dismissed, and that Petitioner's Motions [17], [19], [23] should be denied.

## I. BACKGROUND

Petitioner Michael Shane Steiner ("Steiner" or "Petitioner") brings this case under 28 U.S.C. § 2241. *See* Pet. [1]. He challenges his pretrial detention in a state criminal case in Jackson County, Mississippi. *See id.* At the time Steiner filed his Petition [1], he stated that he had been "held in custody without Indictment for 9 months," had "bond[ed] out on excessive bail," but "was rearrested saying flight risk and talked to subpossed [sic] victim," which he denies. *Id.* at 2. Steiner "request[s] to be released on bond at minimum" and "to be released[,] a no true bill issued[,] and all charges dropped." *Id.* at 7. According to the Petition [1], authorities "are keeping [Steiner] in a manner that constitutes cruel and unusual punishment." *Id.*

Respondent has filed a Motion [14] to Dismiss, arguing that the § 2241 Petition [1] should be dismissed with prejudice because Steiner's requested relief is not cognizable in this federal habeas proceeding. *See* Mot. [14] at 6-11. Alternatively, Respondent contends that the Petition [1] should be dismissed without prejudice because Steiner has failed to exhaust his available state-court remedies. *See id.* at 11-12. As for Steiner's non-habeas conditions-of-confinement claims, Respondent asserts that those claims should be dismissed without prejudice to pursue in a separate § 1983 action, if he so chooses. *See id.* at 12-13 (citing a pending § 1983 action Steiner filed in this Court); *see also* Reply [16].

Steiner responds that he is "definitely challenging illegal pretrial detention duration and the detention of [him]self period," and that "[f]ederal intervention is <u>absolutely</u> necessary for the protection of [his] <u>constitutional rights</u> and [his] <u>health</u>." Resp. [15] at 2 (emphasis in original). Steiner states that he "wish[es] to be <u>heard</u> in court." *Id.* (emphasis in original). Steiner then filed several Motions, including a Motion [17] for Contempt, a Motion [19] for Release from Pretrial Detention, and an Emergency Motion [23] to Protect Evidence. *See* Mot. [17]; Mot. [19]; Mot. [23].

On February 3, 2026, the Magistrate Judge entered his Report and Recommendation [26]. *See* R. & R. [26]. He determined that because the Petition [1] seeks dismissal of Petitioner's state charges, habeas relief is not available unless special circumstances are present, which have not been shown. *See id.* at 8-9. To the extent the Petition [1] could be construed as an attempt to enforce the State's obligation to promptly bring Petitioner to trial, the Magistrate Judge found that Steiner failed to exhaust available state-court remedies. *See id.* at 9-12. To the extent Steiner raises an excessive bail claim, the Magistrate Judge determined that Steiner's conclusory allegations do not raise a constitutional issue in this habeas proceeding and that this claim should be dismissed for failure to state a claim upon which relief can be granted, or for failure to exhaust. *See id.* at 12. As for Steiner's requests to be heard, the Magistrate Jude determined that any request for an evidentiary hearing should be denied because the record alone is sufficient for the Court to decide this matter. *See id.* The Magistrate Judge recommended that

3

the Respondent's Motion to Dismiss [14] be granted, that "the Petition [1] dismissed with prejudice because Steiner's requested relief fails to state a cognizable claim for federal habeas relief, or alternatively, dismissed without prejudice because Steiner's claims are unexhausted," that Steiner's non-habeas claims be dismissed without prejudice, and that his Motions [17], [19], [23] be denied. *Id.* at 16.

Petitioner has not filed any objections to the Report and Recommendation [26], and the time for doing so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

## II.  DISCUSSION

The Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Under a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate." *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989). But when there are no objections, as in this case, the Court applies "the clearly erroneous, abuse of discretion and contrary to law standard of review." *Id.* at 1221 (quotation omitted).

The Court has conducted the required review and finds that the findings and conclusions in the Report and Recommendation [26] are neither clearly erroneous nor contrary to law. In short, the Court concurs with the conclusions reached by the Magistrate Judge. *See* R. & R. [26]. The Court will adopt the Magistrate Judge's Report and Recommendation [26] as the finding of the Court, grant

Respondents' Motion [14] to Dismiss, dismiss the Petition [1] with prejudice as to the habeas claims and without prejudice as to non-habeas claims, and deny Plaintiff's Motions [17], [19], [23].

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [26] of United States Magistrate Judge Bradley W. Rath entered on February 3, 2026, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent's Motion [14] to Dismiss filed on May 28, 2025, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Michael Shane Steiner's 28 U.S.C. § 2241 Petition [1] for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** for failure to state a cognizable claim for federal habeas relief, and Petitioner Michael Shane Steiner's non-habeas claims raised in this action are **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Michael Shane Steiner's Motion [17] for Contempt, Motion [19] for Release from Pretrial Detention, and Emergency Motion [23] to Protect Evidence are all **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 2nd day of March, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE